UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

RONALD KENNETH NORFLEET,

           Petitioner,           Case No. 2:21-cv-12

v.                                          Honorable Robert J. Jonker

CONNIE HORTON,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.       Factual Allegations**

Petitioner Ronald Kenneth Norfleet is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  On June 3, 2015, following a four-day jury trial in the Grand Traverse County Circuit Court, Petitioner was convicted of one count of maintaining a drug house and one count of maintaining a drug vehicle, in violation of Mich. Comp. Laws § 333.7405, one count of possession with intent to deliver less than 50 grams of heroin, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv), three counts of delivery of less than 50 grams of heroin, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv), and one count of conspiracy to deliver less than 50 grams of heroin, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv) and Mich. Comp. Laws § 750.157a.  On June 26, 2015, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to prison terms of 11 years, 2 months to 40 years on each of the possession or delivery counts and 3 years, 10 months to 15 years on the counts for maintaining a drug house and a drug vehicle.  The court ordered the delivery and possession counts to be served consecutively, such that Petitioner's consecutive minimums were almost 56 years.

On January 15, 2021, the Court received Petitioner's habeas submission.  Petitioner did not use the Court's approved habeas petition form.  His "petition" consisted of a request to stay the habeas proceeding and hold it in abeyance pending his exhaustion of unidentified habeas grounds by way of a successive motion for relief from judgment in the state courts.  By order entered March 1, 2021, the Court directed Petitioner to submit a petition on the approved court

form. The Court ordered Petitioner to "set forth in his petition all grounds for habeas relief he intends to raise." (Order, ECF No. 6, PageID.35.)

On March 12, 2021, Petitioner filed his amended habeas petition. (ECF No. 7.) In his Amended Petition and attachments, Petitioner reported that he had raised six issues on direct appeal by way of the brief drafted and filed with the assistance of counsel and four additional issues on direct appeal by way of a pro per supplemental brief. Upon the conclusion of his direct appeal, Petitioner filed a motion for relief from judgment raising an additional six issues. Petitioner identifies the first six issues from his direct appeal and the six issues from his motion for relief from judgment as the issues he intends to raise by way of his petition. Because all of these issues have been raised to each level of the state court system, all state court remedies with regard to Petitioner's habeas grounds have been fully exhausted. Thus, Petitioner offers no reason to stay these proceedings or hold them in abeyance. Petitioner initial request for that relief will be denied.

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner did not use the Court's form, which specifically calls for Petitioner to provide the mailing date. The Sixth Circuit Court of Appeals has held that the date the prisoner signs the document is deemed to be the date of handing to officials. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). Petitioner signed his motion on January 11, 2021. But he dated the cover correspondence January 12, 2021. The postmark on the envelope is January 13, 2021. The Court has given Petitioner the benefit of the earliest possible filing date: January 11, 2021.

3

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The direct review of Petitioner's convictions and sentences followed a circuitous path. Following entry of Petitioner's initial judgment of conviction and sentence on June 26, 2015, Petitioner filed a notice of appeal to the Michigan Court of Appeals. *See* http://online.co.grand-

4

traverse.mi.us/iprod/clerk/cccriminal.html (search Last Name "Norfleet," First Name "Ronald," visited Mar. 21, 2021). Petitioner raised several issues challenging his convictions and sentences by way of a brief he filed with the assistance of counsel and a *pro per* supplemental brief. *People v. Norfleet*, 897 N.W.2d 195 (Mich. Ct. App. 2016). The court of appeals affirmed Petitioner's convictions, but agreed with Petitioner that there were constitutional concerns with regard to the trial court's failure to explain the rationale for the consecutive sentences imposed, the trial court's factual findings in support of the mandatory application of the sentencing guidelines, and the lack of record support for the trial court's determination that Petitioner was affiliated with a street gang. *Id*. at 203–07. The appellate court remanded the matter to the trial court to address the sentencing errors and retained jurisdiction. *Id*. at 207.

Petitioner filed an application for leave to appeal the court of appeals' decision to the Michigan Supreme Court. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=328968&CourtType_CaseNumber=2 (visited Mar. 21, 2021). The prosecutor cross-appealed. *Id*. By order entered June 7, 2017, the Michigan Supreme Court denied leave to appeal. *People v. Norfleet*, 896 N.W.2d 4 (Mich. 2017).

On June 28, 2017, the Grand Traverse County Circuit Court held the remand hearing contemplated by the court of appeals opinion. The trial court entered an amended judgment of sentence. The trial court determined that it would have imposed the same minimum sentences even if the guidelines were advisory rather than mandatory, and that the 11-year, 2 month to 40-year sentences for counts I and II should be served consecutively, but that the remaining counts would run concurrently with those sentences and each other. *People v. Norfleet*, 908 N.W.2d 316 (Mich. Ct. App. 2017). The court of appeals affirmed the trial court's new sentences. *Id*.

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court.  *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=328968&CourtType_CaseNumber=2 (visited Mar. 21, 2021). That court denied his application on July 3, 2018.  *People v. Norfleet*, 913 N.W.2d 285 (Mich. 2018). Petitioner did not file a petition for certiorari to the United States Supreme Court.  (Am. Pet., ECF No. 7, PageID.39.)  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on October 1, 2018.

Petitioner had one year after his judgment became final, until October 1, 2019, to file his habeas application.  Petitioner filed his application on January 11, 2021.  Obviously, he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner filed such a motion on September 21, 2018, before his period of limitation even started to run.  (Am. Pet., ECF No. 7, PageID.39.)  The trial court denied relief by order entered December 19, 2018.  *See* http://online.co.grand-traverse.mi.us/iprod/clerk/cccriminal.html (search Last Name "Norfleet," First Name "Ronald," visited Mar. 21, 2021).

Petitioner filed *pro per* applications for leave to appeal the trial court's decision, first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=348694&CourtType_CaseNumber=2 (visited Mar. 21, 2021). Those courts denied leave by orders entered September 11, 2019, and January 2, 2020, respectively. *Id*. Petitioner's period of limitation commenced running after the Michigan Supreme Court denied leave to appeal.[1] It expired on January 2, 2021. Because January 2, 2021, was a Saturday, the petition was due no later than Monday, January 4, 2021. Petitioner filed one week later.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to specifically raise equitable tolling. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452,

---

[1] A motion for post-conviction relief is considered "pending" until "the application has achieved final resolution through State's postconviction procedures." *See Carey v. Saffold*, 536 U.S. 214, 220 (2002). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)

7

464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In his initial submission, Petitioner explained that he was COVID-19 positive and that his unit had been in lockdown for several weeks. (Pet. Cover Corr., ECF No. 1-1, PageID.8.) Because of the lockdown, Petitioner noted that he cannot get to the library nor does he have access to a typewriter. The Court notes that there is no requirement that a habeas petition be typewritten. Moreover, the habeas petition form does not require any legal argument. To the contrary, Petitioner is asked only to recount the procedural history and identify the issues he raised in the state courts and now offers as grounds for habeas relief in this Court. Petitioner demonstrated his ability to do that in his initial submission despite not having access to a law library, (Pet., ECF No. 1, PageID.1–4), and in his amended petition (Am. Pet., ECF No. 7).

Petitioner noted that he submitted his motion seeking the stay and abeyance remedy because he wanted to submit something "before [his] deadline." (*Id.*) Thus, it appears that Petitioner's tardiness is not a result of the lack of library resources or a typewriter, but the result of a miscalculation of the deadline. As matters stand, therefore, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

The Court's approved habeas corpus petition form invites the petitioner to explain why the petition was filed late if it was filed more than one year after the judgment of conviction became final. Petitioner recounts the procedural history, but offers no explanation as to why his petition was late or how he pursued his rights diligently during the period of limitation. (Am. Pet., ECF No. 7, PageID.49.)

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

The Court will enter an order consistent with this opinion.

Dated:   March 25, 2021            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE